UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL KRASSAN, *et al.*, | : |
| | : |
| Plaintiffs, | : Civil Action No. 14-1405 (JAP)(DEA) |
| | : |
| v. | : **MEMORANDUM OPINION** |
| | : **AND ORDER** |
| HAVANA, INC., | : |
| | : |
| Defendant. | : |

ARPERT, Magistrate Judge

This matter comes before the Court on two Motions: (1) a Motion by Defendant Havana, Inc. ("Havana") for leave to file a Third-Party Complaint against Plaintiff Michael Krassan [Dkt. No. 9]; and (2) a Motion by Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") for leave to file an Amended Complaint naming Crum and Forester Insurance Company ("CFIC") as a Defendant [Dkt. No. 11]. Both Motions are unopposed. For the reasons set forth below, Havana's Motion for leave to file a Third-Party Complaint against Michael Krassan is GRANTED and Liberty Mutual's Motion to amend its Complaint to add CFIC as a Defendant is GRANTED.

I.  BACKGROUND

This matter consists of three actions separately filed against Havana by Plaintiffs Liberty Mutual, Michael Krassan's automobile insurance carrier [Civil Action No. 14-1546], Bonnie Alley, the mother of Ryan Alley and Administratrix of his estate [Civil. Action. No. 14-1698] and Michael Krassan [Civil Action. No. 14-1405] (collectively "Plaintiffs"). These cases were

1

consolidated for all purposes on June 23, 2014, under Civil Action No. 14-1405 [Dkt. No. 6]. Plaintiffs' claims arise out of a motor vehicle accident on March 16, 2012, which resulted in the death of the driver of the vehicle, Ryan Alley, and caused injuries to the passenger and owner of the vehicle, Michael Krassan.

Plaintiffs allege that Havana, a bar located and licensed in New Hope, Pennsylvania, solicited patrons on the campus of The College of New Jersey ("TCNJ") in Ewing, New Jersey, by posting advertisements on campus billboards and in TCNJ's student newspaper. According to Plaintiffs, Havana regularly provided transportation between its bar and TCNJ's campus. Plaintiffs claim that on the night of March 15, 2012, Havana served alcoholic beverages to Ryan Alley, who became visibly intoxicated, as evidenced by "loud and boisterous behavior", slurred speech, "glassy bloodshot eyes" and loss of coordination. Plaintiffs allege that after Ryan Alley left the bar in a visibly intoxicated state, he operated a motor vehicle in which Michael Krassan was a passenger. At approximately 2:05 a.m. on March 16, 2012, shortly after leaving Havana, Ryan Alley lost control of the vehicle and collided with a chain link fence, a street sign and a tree. Ryan Alley, who had a blood alcohol level of .21%, was killed in the accident and Michael Krassan suffered severe and permanent internal and external injuries.

Plaintiffs Complaints allege that Havana acted negligently in continuing to serve alcoholic beverages to Ryan Alley after he became visibly intoxicated and allowing Ryan Alley to leave the premises when Havana knew or should have known that he would operate a motor vehicle. Accordingly, Plaintiffs claim that Havana's actions created a foreseeable and unreasonable risk of harm, and as a result, Havana is liable for the damages sustained by Plaintiffs as a result of the accident.

## II.     DISCUSSION

### A. Motion for Leave to File Third-Party Complaint

In support of its Motion for leave to file a Third-Party Complaint against Michael Krassan, Havana claims that the vehicle operated by Ryan Alley during the time of the accident was owned by Michael Krassan, and that Michael Krassan provided Ryan Alley with the keys to the vehicle and permission to operate it even though Ryan Alley was visibly intoxicated. Accordingly, Havana alleges that Michael Krassan negligently entrusted his vehicle to Ryan Alley, whom he knew or should have known was intoxicated, thereby creating a foreseeable risk of harm and a valid cause of action for contribution and common-law indemnification against Michael Krassan for Bonnie Alley's claims against Havana pursuant to the Joint Tortfeasors Contribution Act and the Comparative Negligence Act of New Jersey.

Pursuant to Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied." *F.D.I.C. v. Bathgate,* 27 F.3d 850, 873 (3d Cir.1994).

Under Rule 14, when a Third-Party Complaint is not filed with 14 days after a defendant's service of its original answer, the decision to grant leave to file a Third-Party Complaint rests within the sound discretion of the Court. *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.,* 2010 WL 1379804, at *5 (D.N.J. Mar. 30, 2010). In exercising its discretion to permit the filing of a Third-Party Complaint, Courts consider: "(1) the timeliness of the motion;

3

(2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Mechin v. Carquest Corp.,* 2010 WL 3259808, at *5 (D.N.J. Aug.17, 2010).

> The relevant portion of the Joint Tortfeasors Contribution Act states:
>
> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors ... and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other ... joint tortfeasors for the excess so paid over his pro rata share....

N.J.S.A. 2A:53A-3. The Joint Tortfeasors Contribution Act "was enacted to promote the fair sharing of the burden of judgment by joint tortfeasors and to prevent a plaintiff from arbitrarily selecting his or her victim." *Bolz v. Bolz,* 946 A.2d 596 (N. J. Super. Ct. App. Div. 2008) (internal quotations omitted). The Act requires a party seeking contribution to demonstrate that the party it seeks contribution from is a joint tortfeasor. *Prospect Ashley Condominium Ass'n, Inc. v. Lookout Builders, Inc.*, 2008 WL 108178, at *2 (N.J. Super. Ct. App. Div. Jan. 11, 2008) ("The rule is well settled: there must be 'joint liability and not joint, common or concurrent negligence.'") (quoting *Farren v. New Jersey Tpk. Auth.,* 106 A.2d 752 (N.J. Super. Ct. App.Div.1954)). A party seeking relief under the Act "cannot prevail unless the injured person also has a cause of action for the tortious injury against the defendant called on for contribution." *Miraglia v. Miraglia,* 255 A.2d 762 (N.J. Super. Ct. App. Div. 1969).

The New Jersey Comparative Negligence Act "mandates the apportionment of fault where 'the question of liability is in dispute.'" *Boryszewski v. Burke,* 882 A.2d 410, 418 (N.J. Super. Ct. App. Div. 2005) (quoting N.J.S.A. 2A:15-5.1). "New Jersey law favors the apportionment of fault among responsible parties." *Id.* "When more than one defendant is found

4

negligent, the trier of fact determines the amount of damages suffered by the plaintiff and each party's percentage of negligence. Based on that percentage, the court molds the judgment, computing the amount of damages owed by each defendant." *Verni ex rel. Burstein v. Harry M. Stevens, Inc.,* 903 A.2d 475, 502-03 (N.J. Super. Ct. App. Div. 2006) (citing N.J.S.A. 2A:15-5.1).

Initially, the Court finds that Havana's Motion is not untimely and will not delay the trial of this matter. Bonnie Alley's Complaint against Havana was filed on March 17, 2014 [Civil Action No. 14-1698, Dkt. No. 1]. Following the consolidation of these cases on June 23, 2014, the Court held an Initial Conference with the parties on September 16, 2014. Havana filed its Motion for leave to file a Third-Party Complaint against Michael Krassan on September 26, 2014, well within the October 30, 2014 deadline for amendments set forth in the Pretrial Scheduling Order.

Furthermore, Havana's proposed Third-Party Complaint is proper under Rule 14 because if Michael Krassan's alleged negligent entrustment of his vehicle to Ryan Alley caused or contributed to the accident, Michael Krassen would be secondarily liable to Havana for his share of the damages claimed by Bonnie Alley under the Joint Tortfeasors Contribution Act and/or the Comparative Negligence Act. Additionally, none of the parties oppose Havana's Motion and there is no indication that granting Havana leave to file a Third-Party Complaint against Michael Krassan will complicate the trial of this matter or result in prejudice the any of the parties. Accordingly, because the Court finds that Havana's Third-Party claims against Michael Krassan are proper under Rule 14, Havana's Motion for leave to file a Third-Party Complaint is GRANTED.

### B. Motion for Leave to File Amended Complaint

Liberty Mutual seeks leave to file an Amended Complaint naming Havana's insurance carrier, CFIC, as a Defendant. Liberty Mutual claims that as a result of the injuries sustained by Michael Krassan in the accident, it paid medical providers who rendered care to Michael Krassan, eventually exceeding the $250,000.00 Personal Injury Protection ("PIP") policy limit. Accordingly, Liberty Mutual asserts that pursuant to N.J.S.A. 39:6A-9.1, it is permitted to recover PIP benefits from CFIC.

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the party of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15*." Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006).

N.J.S.A. 39:6A-9 states:

> In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer, health maintenance organization or governmental agency is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration. Any recovery by an insurer, health maintenance organization or governmental agency pursuant to this subsection shall be subject to any claim against the insured tortfeasor's insurer by the injured party and shall be paid only after satisfaction of that claim, up to the limits of the insured tortfeasor's motor vehicle or other liability insurance policy.

According to the statute, Liberty Mutual seeks to assert a claim against CFIC, as the insurance carrier for the alleged tortfeasor, Havana, for the reimbursement of benefits paid by Liberty Mutual to Michael Krassan

Liberty Mutual filed its Motion to Amend on October 9, 2014, well within the deadline for amendments set forth in the Pretrial Scheduling Order, and there is nothing before the Court to suggest bad faith or any dilatory motive by Liberty Mutual in moving to amend its Complaint. Accordingly, because there is no opposition to Liberty Mutual's Motion and the Court finds that granting leave to amend will not prejudice any party in this case or cause any undue delay, Liberty Mutual's Motion to file an Amended Complaint naming CFIC as a Defendant is **GRANTED**.

## IV.     CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this 20th day of November, 2014,

**ORDERED** that Havana's Motion for leave to file a Third-Party Complaint against Michael Krassan [Dkt. No. 9] is **GRANTED**; and it is further

**ORDERED** that Havana's Third-Party Complaint shall be filed within 10 days of the entry of this Order; and it is further

**ORDERED** that Liberty Mutual's Motion for leave to file an Amended Complaint naming CFIC as a Defendant [Dkt. No. 11] is **GRANTED**; and it is further

**ORDERED** that Liberty's Mutual's Amended Complaint shall be filed within 10 days of the entry of this Order.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge